Van Brunt, P. J.
As to the objection that the court erred in overruling the stay claimed for non payment of costs of an order theretofore made, it is sufficient to say that no such order appears upon the record, and this court therefore cannot say as to whether provisions of the code were violated or not in reference thereto. It is true that Mr. Justice Andrews, upon hearing the motion before him, decided that a substitution could not be ordered until the claim of the attorney for services was disposed of; but he did not decide upon that motion that the agreement claimed by the plaintiff, that his attorney had undertaken to carry on the litigation and wait for his pay until the fund was recovered, had not been established.
All that he decided was, that some provision should be made for the attorney’s services before the substitution should be ordered. Upon the coming in of the referee’s report, Mr. Justice Donohue seems to have held that the contention of the plaintiff that the payments of the attorney were to be made out of the fund was established, and after the amount of the fees of the attorney had been ascertained by the referee, he provides for the substitution, and that the plaintiff’s attorney shall retain his lien upon the fund which was the subject matter of the litigation to the extent of the fees which the referee had reported.
In this way all the rights of the attorney seem to have been protected. He was entitled to the payment of his fees out of the fund. Those fees were duly ascertained by a reference, and, upon being ascertained, they were, by order of the court, made a. lien upón the fund, to be paid out of the fund on the termination of the litigation.
If the agreement, which was claimed upon the part of the plaintiff in the action in reference to the terms of the attorney’s compensation, was established, this was all that the attorney could require, and the order secured to him all the rights to which he was entitled.
The order appealed from must be affirmed, with costs.
Brady and Daniels, JJ., concur.